United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE MICHELLE HARDIN,
Plaintiff,

v.

CENTRAL TRANSPORT LLC, et al.,
Defendants.

Case No. 26-cv-03208-JSC

**ORDER RE: PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 23

Plaintiff Jacqueline Michelle Hardin brings various state-law retaliation and wrongful termination claims against her former employer, Defendant Central Transport LLC, and her former supervisor, Defendant Andrew Rodriguez. (Dkt. No. 12.)[1] Central Transport removed the lawsuit to federal court on the basis of diversity jurisdiction. (Dkt. No. 1.) Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 23.) Having carefully reviewed the written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the September 17, 2026 hearing, and GRANTS Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her complaint in state court, alleging six claims against Central Transport and Doe defendants. (Dkt. No. 1-1 ¶¶ 1-3.) Plaintiff's state-court complaint alleged she and Central Transport are California citizens and "[t]hroughout her employment" she "reported to her supervisor, Andrew Rodriguez." (*Id.* ¶¶ 1-2, 6, 12.) Central Transport removed the case, alleging this Court had diversity jurisdiction under 28 U.S.C. § 1332 because the amount of controversy exceeds $75,000, Plaintiff is a California citizen, and Central Transport is a Michigan citizen.

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

(Dkt. No. 1 ¶¶ 6-14.)

Eight days after Defendant removed the case, Plaintiff filed a First Amended Complaint ("FAC"), naming Andrew Rodriguez, a California citizen, as a defendant. (Dkt. No. 12 ¶¶ 3, 10.) Her FAC alleges the same six claims as her state-court complaint, except her California Labor Code section 98.6 claim is brought against both defendants. (*See generally id.*)

**DISCUSSION**

Plaintiff moves to remand the case to the Alameda County Superior Court for two reasons. First, removal was improper because Andrew Rodriguez is a California citizen and was not fraudulently joined; therefore, diversity jurisdiction was lacking at the time of removal. Second, that her FAC now names Andrew Rodriguez as a defendant destroys complete diversity. The Court agrees with the second point, not the first.

**A. Diversity Jurisdiction Existed at the Time of Removal**

Andrew Rodriguez was not a named defendant in the state-court complaint Defendant removed to federal court; instead, the complaint named only Central Transport LLC and unnamed Doe defendants. (Dkt. No. 1-1 at 3, 4.) And, unnamed doe defendants cannot defeat diversity jurisdiction for purposes of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").

In any event, the state-court complaint alleged Plaintiff is "ignorant of the true names and capacities" of the Doe defendants. (Dkt. No. 1-1 ¶ 3.) Since the state-court complaint identifies by name her supervisor Andrew Rodriguez (*id.* ¶ 12.), he cannot be one of the Doe defendants as Plaintiff was not ignorant of his name or capacity. So, Plaintiff's insistence there was no diversity jurisdiction at the time of removal is meritless and the motion to remand on this ground must be denied.

//

United States District Court
Northern District of California

**B. The First Amended Complaint Destroys Complete Diversity**

Plaintiff added non-diverse Andrew Rodriguez as a defendant when she amended her complaint as of right post-removal pursuant to Federal Rule of Civil Procedure 15(a)(1). (Dkt. No. 12.) She alleges a single claim against Rodriguez—violation of California Labor Code Section 98.6. (*Id.* at 16.) Rodriguez destroys complete diversity, divesting the Court of subject matter jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("changes in parties, or changes in claims, effectively remake [a] suit. [… a]nd that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction."); *see also id.* at 37 ("And so too, an amendment can either destroy or create jurisdiction in an original diversity case. The addition of a non-diverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal.").

Defendant argues pursuant to 28 U.S.C. § 1447(e), the Court should not permit the post-removal joinder of Andrew Rodriguez. (Dkt. No. 25 at 4.) That statute provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.

28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."). But the plain language of 1447(e) does not apply: the statute applies when "the plaintiff seeks to join" a defendant. Plaintiff is not *seeking* to join Rodriguez; she joined him when she amended her complaint as of right pursuant to Rule 15(a)(1). Defendant acknowledges this distinction by arguing "[a] plaintiff cannot sidestep [1447(e)] scrutiny by styling the addition as an amendment of right." (Dkt. No. 25 at 5.) But, why not? Defendant cites nothing to support this bald assertion. And the Supreme Court recently held there is nothing improper with a plaintiff amending its complaint as of right post-removal to avoid federal jurisdiction. *See Royal Canin U. S. A., Inc.*, 604 U.S. at 35 ("The plaintiff is the master of the complaint, and therefore controls much about her suit. [… S]he can establish–or not–the basis for a federal court's subject-matter jurisdiction. She may, for example, […] add [a defendant] from

her own State and thereby destroy diversity of citizenship.") (cleaned up); *see also id.* at 38 ("in removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction. So if such joinder occurs after removal, the federal court must remand the case[.]").

Further, Rule 15(a)(1) and section 1447(e) can be harmonized. As one court has observed:

> if Rule 15(a)(1) and § 1447(e) are read, as they must be, according to their plain language—i.e., respectively, (i) that under certain circumstances a plaintiff may amend her complaint as of right; and (ii) that where a party seeks (that is, requests leave to) join defendants, a court may deny joinder or permit joinder and remand to State court—then there is no conflict at all. The Rule applies in one situation, the statute in another. There is no tension to be resolved in the first instance, since there is no overlapping situation where both provisions come into play; the section of the Venn diagram containing both Rule 15(a)(1) and § 1447(e) is empty. Thus, the approach embraced here works best for another reason: in considering two possible analytical frameworks, one which results in a conflict and one which does not, it seems far more sensible to adopt the latter.

*McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 235 (D.N.J. 2020). But, as *McDermott* also acknowledged, the doctrine of fraudulent joinder should apply even to amendment as of right; otherwise, a plaintiff could always defeat a proper removal regardless of how frivolous the amendment.

Defendant appears to agree that when a non-diverse defendant is joined as a matter of right, the issue is fraudulent joinder. In the parties' initial case management conference statement Defendant contended the Court has subject matter jurisdiction notwithstanding the addition of Rodriguez because he was fraudulently joined. (Dkt. No. 19 at 2.) And, in its opposition to the motion to remand, Defendant argues fraudulent joinder. (Dkt. No. 25 at 5, 6.) So, the Court must decide whether Rodriguez is fraudulently joined.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The Ninth Circuit recognizes "two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (cleaned up). To establish fraudulent joinder the second way, the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn*

*Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

The fraudulent joinder analysis, like the analysis for a Rule 12(b)(6) motion to dismiss, "require[s] some assessment of the plaintiff's lawsuit." *Grancare*, 889 F.3d at 549. But the two analyses are not equivalent. *Id*. "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id*. (cleaned up). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id*. (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).)

On the current record the Court cannot conclude Rodriguez was fraudulently joined. First, drawing inferences from the FAC's allegations in Plaintiff's favor, there is a possibility Rodriguez could be liable under Labor Code section 98.6. *See, e.g.*, *Fernandez v. Big Lots Stores, Inc.*, 2014 WL 3418112, at *4 (C.D. Cal. July 10, 2014) (noting "it is not clear or well settled that Plaintiff cannot pursue a § 89.6 claim against" individuals because the statute uses the word "person"); *Alexander v. Select Comfort Retail Corp*., 2018 WL 6726639, at *3 (N.D. Cal. Dec. 21, 2018) (same). Defendant's citation of *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173–74 (2008) is misplaced as it analyzed a different statute with different language. And to the extent Defendant complains Plaintiff has not alleged sufficient facts to state a claim, that is not an appropriate fraudulent joinder analysis. *See Grancare*, 889 F.3d at 549 (noting the fraudulent joinder "standard is similar to the wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1)"); *Montes v. Costco Wholesale Corp*., 2026 WL 1760335, at *3 (N.D. Cal. June 18, 2026).

Second, Defendant asserts a search of its personnel records does not reveal Plaintiff was ever supervised by an Andrew Rodriguez. Defendant does not explain how this fact fits within the fraudulent joinder analysis. To the extent it is arguing fraud in the assertion of jurisdictional facts, the Court finds Defendant has not met its burden. Defendant does not claim Plaintiff was never supervised by anyone, or that her supervisor would not have performed the actions she complained

about. And, again, Defendant does not cite any case that sets forth the standard for finding fraud in the assertion of jurisdictional facts, if that is what Defendant is alleging.

Finally, even if section 1447(e) applies when a plaintiff amends a removed complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1), the Court would not exercise its discretion to dismiss Rodriguez. Plaintiff did not delay in amending her complaint after removal; to the contrary, she amended her complaint only eight days after removal. And, after *Royal Canin*, a plaintiff's addition of a non-diverse defendant to defeat diversity jurisdiction should not weigh in favor of disallowing the amendment.

**CONCLUSION**

When Defendant removed the state-court action there was complete diversity; so, removal was proper and Plaintiff's motion to remand on the ground removal was improper must be denied. But, as described above, Plaintiff thereafter amended the complaint as of right to add a non-diverse defendant thus destroying the Court's subject matter jurisdiction. For this reason, the motion to remand is GRANTED and this action is remanded to the Superior Court for the County of Alameda.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: August 25, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California